

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar of Vital Statistics
Texas State Board of Health
Austin, Texas

Dear Sir:                Opinion No. O-1278-A
                          Re: Method of procedure in the
                                described adoption case.

      We have received your letter, together with enclosures, requesting the opinion of this department upon the above stated question. Your letter reads as follows:

      "In accordance with your opinion O-1278, issued 8-24-39, I declined to accept, and returned to Judge Culver, the adoption decree issued in the 17th Judicial District of Tarrant County, No. 28887-A, in which it appears that Riley A. Ransom and his wife, Mattie B. Ransom are permitted to adopt the infant of Vanda Lea Foerster, on the ground that according to the sworn statement of Riley A. Ransom and his wife Mattie B. Ransom, they are negroes, while the birth certificate for the child born November 24, 1939, shows that the infant born to Vanda Lea Foerster is a while illegitimate. Since the child is illegitimate, the certificate contains no information as to the father.

      "I am enclosing
      "(1) Adoption decree,
      (2) A photostatic copy of the birth record, 97232,
      (3) The sworn statement of Riley A. Ransom, and
      (4) The photostatic copy of Judge Culver's letter.

      "Please advise me as to how to proceed in this case."

      Section 1 of Article 46a, Vernon's Civil Statutes provides, in part:

"Sec. 1. Any adult resident of this State may petition the District Court in the District of his residence or in the District of the residence of the child to be adopted for leave to adopt a minor child; such petition shall set forth the facts relevant to petitioner and child, and be verified by the affidavit of the petitioner. * * *."

Section 8 of Article 46a, Vernon's Civil Statutes, provides as follows:

"Sec. 8. No white child can be adopted by a negro person, nor can a negro child be adopted by a white person."

Rule 47a. Section 26 of Article 4477, Vernon's Civil Statutes, provides, in part:

"(26) Provided further, upon entry of final order of adoption the Judge or Clerk of Court shall notify the Registrar of Vital Statistics in State Department of Health of action taken, giving the names and addresses of the natural parents, if known, or of the child's next kin, the date of birth and name of such child before and after adoption and the name and address of foster parents. * * *. Copies of all reports of adoptions and reports of revocation of order of adoption and of annulments shall within thirty (30) days after such order be mailed to the Registrar of Vital Statistics of the State Department of Health. Upon receipt of copy of any final order of adoption the State Registrar of Vital Statistics shall cause to be made a record of the birth in the new name or names of the adopting parents or parent. He shall then cause to be sealed and filed the original certificate of birth, if any, with the adoption decree of the Court and such sealed package may be opened only upon order of a Court of record. * * *."

The Birth Certificate No. 97232 enclosed with your letter discloses that the mother of the child in question was a white person, but no information whatsoever is contained therein as to the father. The sworn affidavit of Riley A. Ransom discloses that the petitioners named in

the adoption proceedings are negroes.

The adoption decree, in paragraph numbered two thereof, refers to the fact that Elvia Jean Ransom, the child in question, "was born on the 24th day of November, 1939, of negro parent at Dallas, Dallas County, Texas, * * *."

Judge Culver's letter reads, in part:

"* * *. The finding in the decree to the effect that the infant adopted and re-named Elvia Jean was born on the 24th day of November 1939 of negro parentage must have been overlooked by your office. In every case such issue would be one of fact, and in this particular case the child was before the Court and competent evidence introduced to the effect that while the mother of the child was white the father was a negro, and the appearance of the child seemed to be conclusive on that point. * * *."

As provided by Section 8 of Article 46a, supra, "No white child can be adopted by a negro person, * * *." The courts of this State have not interpreted this particular Article, but the word "negro" was used as synonymous with the popular words "colored persons" in Article 2900 of Vernon's Civil Statutes, which reads, in part:

"* * *. The terms 'colored race' and 'colored children,' as used in this title, include all persons of mixed blood descended from negro ancestry."

In view of the Legislature's definition of the above terms, it is the opinion of this department that all persons of mixed blood descended from negro ancestry, however remote, is a negro, within the meaning of Section 8 of Article 46a, supra.

A District Judge has jurisdiction to render a decree of adoption, so long as the provisions of Title 3 of Vernon's Civil Statutes, which pertain to adoption, are complied with. Judge Culver, in the instant case, had the judicial power to render the decree which he did render. The race or color of a person is a question of fact, and in the instant case this fact was determined by Judge Culver upon competent evidence introduced at the hearing before him. The adoption decree issued in the instant case by Judge

Culver reflects the fact that the infant sought to be adopted is a negro, and this finding of fact takes precedence over the recitation of facts as contained in the Birth Certificate.

Under the foregoing authorities, you are respectfully advised that it is the opinion of this department that the adoption decree in question is valid. and should be accepted by you and filed under Rule 47a, Article 4477 of Vernon's Civil Statutes.

This opinion is not in conflict with our opinion No. 0-1278 referred to by you in your letter of request. The adoption decree, which was under consideration in that opinion did not disclose the facts regarding the race of petitioners in the adoption proceedings and of the minors who were purportedly adopted. This decree was held to be void for all purposes for the reason that the court did not have the judicial power to render the decree which it did render. Under these circumstances you would be justified in refusing to accept and file the decree, and this was the effect of our Opinion No. 0-1278.

Trusting that the above satisfactorily disposes of your inquiry, we remain

APPROVED AUG 15, 1940

/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY
GENERAL

DBD:RS-ds

APPROVED
OPINION
COMMITTEE
BY /s/ R.W.F.
CHAIRMAN

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ D. Burle Daviss
D. Burle Daviss
Assistant